IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DRU DION KRAMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 17-4001-DDC |
| | ) |
| EMPLOYMENT SECURITY | ) |
| BOARD OF REVIEW, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Dru Dion Kramer, proceeding *pro se* and *in forma pauperis*, filed this action against the State of Kansas Employment Security Board of Review. Liberally construed, it appears plaintiff seeks review or reversal of the board's decision affirming the ruling that plaintiff was disqualified for unemployment insurance benefits. For the reasons stated below, the magistrate judge recommends the district judge dismiss this action for lack of subject-matter jurisdiction.

The court has an independent obligation to satisfy itself that subject-matter jurisdiction is proper.[1] And it "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[2] Federal courts are courts of limited jurisdiction, and there

---

[1] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[2] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

is a presumption against the exercise of federal jurisdiction.[3] Therefore, plaintiff bears the burden to establish that subject-matter jurisdiction exists.[4]

Federal district courts have subject-matter jurisdiction over actions in one of two ways. Known as "federal-question jurisdiction," federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[5] Federal district courts also have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where there is complete diversity of citizenship between all plaintiffs and all defendants.[6] This is known as "diversity jurisdiction."

Plaintiff has failed to properly plead either federal-question jurisdiction or diversity jurisdiction. Plaintiff has used this district's form complaint for *pro se* litigants. In the section addressing jurisdiction, plaintiff indicates that diversity jurisdiction applies.[7] However, he alleges that both he and the defendant are residents of the State of Kansas, and he fails to allege that the amount in controversy exceeds $75,000. Therefore, plaintiff has failed to properly plead diversity jurisdiction. Plaintiff has also checked the box on the form complaint indicating that jurisdiction may be founded on grounds other than diversity.[8] The form calls for the plaintiff to specify and state any statute that gives rise to these grounds. Plaintiff lists "disqualification of unemployment benefits – fired for safety issues, company is at neglect." Plaintiff fails to cite a

---

[3] *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

[4] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[5] 28 U.S.C. § 1331.

[6] 28 U.S.C. § 1332.

[7] Compl. at 2, ECF No. 1.

[8] *Id.* at 3.

federal statute supporting federal-question jurisdiction, and his statement is insufficient to present a constitutional issue supporting federal-question jurisdiction.

Because plaintiff's complaint does not establish that the court has subject-matter jurisdiction over this action, the magistrate judge recommends the district judge dismiss this action for lack of subject-matter jurisdiction. Pursuant to 28 U.S.C.§ 636(b)(1) and Fed. R. Civ. P. 72, plaintiff shall have fourteen (14) days after service of a copy of this Report and Recommendation to file any written objections. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Dated January 11, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge